UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:23-cr-00081 |
| v. | ) | |
| | ) | Judge Crenshaw |
| JOSIAH ERNESTO GARCIA | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO**
**MOTION TO MODIFY CONDITIONS OF PROBATION**

The United States of America, through Robert E. McGuire, Acting United States Attorney, and Nani M. Gilkerson, Assistant United States Attorney, hereby responds to defendant Josiah Ernesto Garcia's Motion to Modify Conditions of Probation (DE #172). In his motion, defendant seeks to modify the conditions of his probation by removing the condition that he serve two years in a halfway house and replacing it with two years on home detention in Toledo, Ohio. Because the Title 18, United States Code, Section 3553(a) factors do not support the imposition of this significantly less restrictive condition, the United States respectfully requests that the Court deny defendant's motion. In the alternative, if the Court is inclined to modify defendant's conditions of probation, the United States requests a hearing on the matter. *See* Fed. R. Crim. P. 32.1(c)(1) (requiring a hearing for modification of conditions of probation except where, among other things, an attorney for the government does not object to the relief sought).

**RELEVANT PROCEDURAL HISTORY**

On September 20, 2024, defendant pled guilty to use of interstate commerce facilities in the commission of a murder-for-hire, in violation of the Title 18, United States Code, Section 1958, pursuant to a plea agreement wherein both parties agreed that they could each recommend any sentence, with the United States agreeing not to request a sentence in excess of 60 months'

imprisonment. At the sentencing hearing on April 22, 2025, the Court determined that defendant's advisory guidelines range was 87 to 108 months' imprisonment. The United States recommended a sentence of 60 months' imprisonment and defendant recommended a noncustodial sentence of three years of supervised release. The Court, after considering the applicable Section 3553(a) factors, imposed a sentence of five years of probation with "the first two years . . . in a halfway house in Nashville, Tennessee." (DE #167.) Special conditions of probation, imposed over defendant's objection, included that defendant "not possess or use a computer or any device with access to any 'online computer service' at any location . . . without the prior written approval of the United States Probation Office" and that defendant consents to examinations and monitoring of his electronic devices by the United States Probation Office. (*Id.* at PageID #: 965.)

At the request of the Bureau of Prisons, the Court amended the judgment on May 2, 2025, to designate "a residential reentry center in Louisville, Kentucky" as the location where defendant would serve the first two years of probation. (DE #169, 170.) According to defendant, he reported to Dismas House Charities in Louisville, Kentucky on May 6, 2025. (DE #172.) In his motion, defendant reports that he has not had access to his personal cellphone and is not allowed to use a computer at Dismas House. (*Id.* at 2-3.) For these reasons, he requests that the Court modify his conditions of probation to allow him to return to Toledo, Ohio—where he was previously supervised—and spend the first two years of his sentence on home detention rather than at a halfway house, as the Court originally ordered. (*Id.* at 5.)

## ARGUMENT

Title 18, United States Code, Section 3563(c) provides the Court with authority to "modify, reduce, or enlarge the conditions of probation at any time prior to the expiration or termination of the term of probation, pursuant to the provisions of the Federal Rules of Criminal Procedure." Nonstandard conditions of probation must be "reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)" and "involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b); *see also United States v. Budzynski*, 981 F.3d 499, 502 (6th Cir. 2020) (considering section 3553(a) factors in determining reasonableness of modification to probation). Federal Rule of Criminal Procedure 32.1, which governs the procedures for revoking or modifying probation or supervised release, requires that the court hold a hearing before modifying the conditions of probation unless the defendant waives the hearing and an attorney for the government has received notice of the relief sought and does not object. Fed. R. Crim. P. 32.1(c).

Here, defendant argues that the conditions of his probation should be modified because of restrictions placed on him by virtue of his residence at a halfway house. Specifically, he complains about not having access to his personal cellphone and not being permitted to have a laptop while he resides at Dismas House. (DE #172 at 2-3.) To get around these restrictions, he proposes that the condition that he serve two years in a halfway house be modified to two years on home detention. (*Id.* at 5.) This request is not supported by the Section 3553(a) factors, especially in light of the allegations set forth in the petition submitted on May 28, 2025 (DE #174).

Two years at a halfway house remains an appropriate condition of defendant's probation. Defendant's guideline range was 87 to 108 months' imprisonment. He admitted, as part of his plea, that he, at least at some point, intended to murder someone for hire. (*See* DE #145 at 5.) He

3

purchased a firearm and discussed purchasing additional firearms with the money he earned from committing a murder for hire. (*Id.*) At sentencing, this Court carefully considered all of the factors in aggravation and mitigation and varied downward substantially to impose a sentence of five years' probation with the first two years in a halfway house. (DE #167.) Two weeks into his sentence, he seeks relief from one of the primary—and arguably most important—conditions of his probation, a condition that provides him structure and support without placing him in custody.

The primary basis for his requested modification is the restrictions his stay at a halfway house places on his use and possession of electronic devices. But as Probation's recent petition highlights, such restrictions are necessary and appropriate. The cellphone defendant complains was taken from him was searched and found to contain evidence that defendant accessed the internet on multiple occasions without prior approval and used virtual reality (VR) equipment to play online videogames. (DE #174 at 2.) Requiring defendant to obtain a cellphone with no internet capabilities, the alternative his probation officer provided, will ensure defendant does not flout the conditions of his probation. Returning to his home in Ohio so that he can use his cellphone would undermine, not reenforce, the Court's efforts to protect the community and rehabilitate defendant.

Defendant also complains about his inability to possess a personal laptop while at Dismas House as a reason to modify his conditions of probation. Probation has allowed defendant limited access to the probation office's computer so that defendant can sign up for Commercial Driver's License school in Louisville, Kentucky. (*Id.* at 3.) As the petition notes, this was one of defendant's stated goals. Modifying defendant's conditions to allow him to possess a computer is therefore not a compelling reason release defendant to home detention—especially when it is alleged that he has been unable to abide by the restrictions placed on his use of electronic devices.

If the Court is inclined to modify defendant's conditions and release him from Dismas House to home detention, the United States requests a hearing on the matter. *See* Fed. R. Crim. P. 32.1(c). Such a hearing would allow the government to elicit additional information from Probation about the restrictions placed on defendant while he resides in a halfway house, the rationale behind those restrictions, and alternative ways for defendant to further his goals while on probation without releasing him to home detention.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny defendant's Motion to Modify Conditions of Probation, or, in the alternative, hold a hearing pursuant to Federal Rule of Criminal Procedure 32.1(c)(1).

Respectfully submitted,

ROBERT E. MCGUIRE
Acting United States Attorney for the
Middle District of Tennessee

By: /s *Nani Gilkerson*
NANI M. GILKERSON
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Telephone: (615) 736-5151